FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01256-BNB

DAWANE ARTHUR MALLETT, Natural Person Capacity,

    Plaintiff,

v.

JEFF GEORGE, D-H-O, Natural Person Capacity,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Mr. Mallett initiated this action by filing *pro se* a document titled "Jurisdiction of the Court Writ of Mandamus" on May 11, 2011. Pursuant to Magistrate Judge Boyd N. Boland's Order to Cure Deficiency, Mr. Mallett filed a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 15, 2011.

Mr. Mallett has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

The Court must construe the complaint liberally because Mr. Mallett is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Mallett is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

In the complaint, Mr. Mallett asserts that he was placed in the special housing unit (SHU) in November of 2010 based on allegations of assault. He alleges that he was "given a D-H-O hearing by a television screen of a citizen of the State of Kansas and he issued sanctions outside of his authority in which the 28 CFR 541.10 states only institutional staff may take disciplinary action." Complaint at 3. The thrust of Mr. Mallett's argument is that because Defendant Jeff George is citizen of the state of Kansas, he lacks "any legal jurisdiction to conduct [disciplinary hearings] in the state of

Colorado." *Id.* at 6. Therefore, Mr. Mallett asserts that 28 C.F.R. § 541.10 and his First Amendment rights have been violated.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Instead, it must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327. A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court finds that Mr. Mallett's argument that his constitutional rights have been violated because sanctions were imposed on him by a disciplinary hearing officer in Kansas rests on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Contrary to Mr. Mallett's assertion, 28 C.F.R. § 541.10 does not require that a disciplinary officer be located in the same state as an inmate in order to impose sanctions on the inmate. Instead, this regulation states that "[o]nly institution staff may take disciplinary action." 28 C.F.R. § 541.10(b)(1). Further, "staff" is defined in 28 C.F.R. § 500.1(b) as "any employee of the Bureau of Prisons or Federal Prison

3

Industries, Inc." Defendant Jeff George is identified by Mr. Mallett as a disciplinary hearing officer for the North Central Regional Office of the Federal Bureau of Prisons. Complaint at 2. Defendant George is indisputably a employee of the Bureau of Prisons, and therefore, he is authorized by 28 C.F.R. § 541.10(b)(1) and 28 C.F.R. § 500.1(b) to take disciplinary action against inmates, and against Mr. Mallett. Mr. Mallett's arguments are without merit, and the complaint and action will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 28th day of June, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01256-BNB

Dawane Arthur Mallett
Reg. No. 13944-097
USP Florence ADMax
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 28, 2011.

                                                    GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                           Deputy Clerk